REDMANN, Judge.
Plaintiffs’ appeal from judgment of dismissal seeks damages allegedly suffered in a Rome to New Orleans air voyage by plaintiff wife while her leg was in full cast which prevented her walking.
The principal elements of the claim are that diapers instead of a bedpan was the means afforded her for urination and that she was not properly cared fo'r in a layover of a few hours in New York when late arrival there caused her to miss her connecting flight. The basis of the claim is breach of express contract.
Defendant American Express, through its Italian agent (or apparent agent, its sub-subsidiary “American Express S.A.I.”), agreed to obtain and represented it had obtained, in consideration of payment of first-class rather than planned tourist fare, (in plaintiffs’ only witness’s words) “some type of toilet facilities, * * * such as a bed pan or an attendant to carry her to the bathroom” to be provided by defendant TWA (and originally-intended connecting carrier Eastern). In our opinion the diapers constituted a reasonable performance of the obligation as worded. It was not a bad faith or derisive performance.
However, from plaintiff wife’s brother’s testimony (though contradicted) it could be concluded that TWA’s representative, in response to the brother’s request for onboard “toilet facilities”, both before boarding (not in the wife’s presence) and much later on leaving the plane, promised a bedpan. An enforceable promise of, specifically, a bedpan is not performed by providing diapers. But plaintiff wife’s deposition was that she learned “as soon as we got on the plane” that no bedpan would be provided. Accordingly TWA’s promise (to the wife’s brother) was neither bargained for nor injuriously relied upon by the wife since she had already committed herself to take that flight without any specific promise and, at the time of the later promise to the brother, already knew that no bedpan would be provided.
The wife’s problems in New York were occasioned by lateness of the flight from Rome, for which the basic contract of passage (the ticket) negates liability. A later flight by defendant Delta was substituted for the missed Eastern flight. Delta (which never was party to the special-terms contract alleged) did afford extra attention, even providing an attendant to assist the wife to the bathroom at the terminal. There cannot have been any promise by American Express for special New York terminal accommodations (other than wheel chair, which was provided, though not as comfortable as that in Rome), because the wife would have had only a few minutes to make her originally-scheduled connecting flight.
Other alleged contract breaches were similarly unproven.
The judgment is affirmed.
*859 GULOTTA, J., concurs with written reasons.